## Craig v. Edward G. Budd Manufacturing Company.

*Practice, C. P.—Affidavit of defense—New matter—Release—Reply—Acts of May 14, 1915, and March 30, 1925.*

In an action of trespass, where an affidavit of defense sets up a release as a defense, it is proper practice under the Acts of May 14, 1915, P. L. 483, and March 30, 1925, P. L. 84, for the defendant to cause notice to be served upon plaintiff, or his counsel, that unless a reply is made to the plea of release, it will be taken as admitted.

Rule to strike off endorsement from affidavit of defense. C. P. No. 5, Phila. Co., Dec. T., 1927, No. 1512.

*D. H. Cohen,* for plaintiff; *R. T. McCracken,* for defendant.

MARTIN, P. J., March 5, 1928.—Suit was commenced by a summons in trespass. Plaintiff filed a statement claiming damages for personal injuries.

An affidavit of defense was filed, in which it was averred that plaintiff had executed a release of damages. There was endorsed on the affidavit of defense a notice: "To James W. Craig, the plaintiff, or his attorney: You are required to file a reply, under oath, to the new matter set forth in the within affidavit of defense within fifteen days after the service thereof upon you or your attorney," and signed "Robert T. McCracken, Attorney for Defendant."

Plaintiff moved to strike off this endorsement on the ground that it is unnecessary for a defendant to plead a release which can be offered in evidence at the trial without having been formally pleaded.

Section 16 of the Practice Act of May 14, 1915, P. L. 483, provides that no party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense or plaintiff's reply, as the case may be, except as provided in sections 7 and 13. Section 7 relates to affidavits made by executors, administrators and persons acting in a representative capacity; and section 13 enumerates the subjects that are regarded as admitted "if not denied."

"Averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted:" Act of May 14, 1915, § 13.

It is urged that an averment that damages have been released need not be answered or denied.

"A material allegation of new matter in an affidavit of defense means some fact which the plaintiff, in the first instance, does not have to prove in order to establish his cause of action, which goes in avoidance or discharge of the cause of action alleged in the statement of claim, and may cover such subjects as general releases:" Oak Lane Country Day School v. Virginia Fire and Marine Ins. Co., 8 D. & C. 194.

Section 2 of the Act of March 30, 1925, P. L. 84, amended the Practice Act of 1915 by providing, where new matter is pleaded, the plaintiff is required

to file a reply; and section 6, amending the same section of the Practice Act, enacts that, in the absence of a reply to new matter pleaded, it will be taken to be admitted.

Under the provisions of the amending Act of 1925, a plea of release, "if not denied specifically or by necessary implication, . . . shall be taken to be admitted."

Rule 58 of the Courts of Common Pleas, adopted Dec. 15, 1927, provides that "When the defendant relies upon . . . new matter, he must first answer in his affidavit of defense the averments of the plaintiff's statement of claim, and then set out his . . . new matter under the heading 'new matter.' Such an affidavit of defense shall be endorsed as follows: 'To ——————, the plaintiff: You are required to file a reply, under oath, to the set-off, counter-claim or new matter set forth in the within affidavit of defense within fifteen days after the service thereof upon you or your attorney.' This notice must be signed by the defendant or his attorney. Failure to reply, as required, to the set-off, counter-claim or new matter alleged in the affidavit of defense within fifteen days after the service thereof on the plaintiff or his attorney shall be taken as an admission of the truth of such allegation."

It was proper practice for the defendant to cause notice to be served upon plaintiff or his counsel that, unless a reply was made to the plea of release, it would be admitted.

The notice endorsed on the affidavit of defense should not be struck off.

Rule discharged.